UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STEVEN MELEIKA,

    Plaintiff,

v.

JERSEY CITY MEDICAL CENTER,
BAYONNE POLICE DEPARTMENT,
AMGAD MELEIKA, LORIS MELEIKA,

    Defendants.

Civ. No. 17-5759 (KM-JBC)

MEMORANDUM & ORDER

    The allegations in this action are that the individual defendants, Amgad and Loris Meleika, who are the plaintiff's parents, called the Bayonne Police, who took the plaintiff from their home to the Jersey City Medical Center, where he was detained and subjected to medical treatment.[1] The plaintiff, Steven Meleika, has filed a motion for a default judgment against defendant Bayonne Police Department only. (ECF no. 12) The motion will be denied, for two primary reasons.

---

[1]     Amgad and Lois Meleika brought home the Police and Jersey City Medical Center Professionals by surprise. I am their son staying as a guest in their home from Florida. They asked to speak to me and when I refused they the Police and medical took me to Jersey City Medical Center where they held me involuntary treatment and subjected me to forced injections and other unnecessary medications for two weeks before release of me. I am an adult staying on their property. They could have just asked me to leave their property but instead they took me like an arrest without court bail for two weeks and subject to forced medications through security holding me down against my will. Excessive force claim.

    Monetary Compensation award of $1,000,000
    False arrest
    Excessive force
    Forced injections
    Misdiagnosis
    Malice

(Cplt., ECF no. 1)

1. There is no entry of default by the clerk.[2]
2. The motion is futile because the Bayonne Police Department is not a legal entity that may sue or be sued. The proper defendant would be the City of Bayonne.[3]

There are other special circumstances here that would weigh against entry of a default judgment. The plaintiff has four separate actions pending.[4] As noted in a prior opinion, he has filed papers under the wrong docket numbers, a situation the clerk's office has attempted to correct. (*See* Opinion, 17cv1958 ECF no. 25.) Some confusion may have resulted. I note that in the plaintiff's other lawsuits, for example, the City of Bayonne has pressed a vigorous defense on behalf of itself and the Police Department, as has the City of Jersey City.

ACCORDINGLY, IT IS this 9th day of May, 2018

ORDERED that the plaintiff's motion (ECF no. 12) for a default judgment against the Bayonne Police Department is DENIED.

*[signature]*

HON. KEVIN MCNULTY
United States District Judge

---

[2] *See* Fed. R. Civ. P. 55(a).

[3] *Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); *McGovern v. Jersey City*, No. 98-CV-5186 2006 WL 42236, at *7 n.4 (D.N.J, Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities); *see also Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (same).

[4] There are three other actions in addition to this one:
17-cv-1958 MELEIKA v. BAYONNE POLICE DEPARTMENT et al.
17-cv-1959 MELEIKA v. JERSEY CITY POLICE DEPARTMENT et al.
17-cv-1960 MELEIKA v. HUDSON COUNTY CORRECTIONAL CENTER et al.